**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DEBBIE JO MOXHAM,

                Plaintiff,

      v.                              3:16-CV-1170
                                      (DJS)

COMMISSIONER OF SOC. SEC.,

                Defendant.

**APPEARANCES:**                  **OF COUNSEL:**

EMPIRE JUSTICE CENTER - ALBANY     LOUISE MARIE TARANTINO, Esq.
Counsel for Plaintiff
119 Washington Avenue, 3rd Floor
Albany, New York 12210

U.S. SOCIAL SECURITY ADMIN.        SIXTINA FERNANDEZ, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

**DANIEL J. STEWART**
**United States Magistrate Judge**

**MEMORANDUM-DECISION AND ORDER**[1]

    Currently before the Court, in this Social Security action filed by Debbie Jo Moxham

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's Motion for

---

[1] Upon the Plaintiff's consent, the United States's general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 4 & General Order 18.

Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 15 & 16.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **denied** and Defendant's Motion for Judgment on the Pleadings is **granted**.  The Commissioner's decision denying Plaintiff's disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1975, making her 37 years old at the alleged onset date and 40 years old at the date of the ALJ's decision.  Plaintiff reported completing the eighth grade and obtaining a GED.  Plaintiff has past work as a cashier and manager.  Generally, Plaintiff alleges disability due to depression, widespread pain, a history of blood clots with swelling in her leg, and a previous addiction to pain medication.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits on July 5, 2014, and for Supplemental Security Income on December 5, 2014, alleging disability beginning May 5, 2013, in both applications.  T. 19.[2]  Plaintiff's application for Disability Insurance Benefits was initially denied[3] on October 2, 2014, after which she timely requested a hearing before

---

[2] The Administrative Transcript is found at Dkt. No. 8.  Citations to the Administrative Transcript will be referenced as "T." and the Bates-stamped page numbers as set forth therein.

[3] The initial determination documents for Plaintiff's Title II claim appear at T. 71-91.  The denial documents for Plaintiff's Title XVI claim do not appear to be in the record, but as noted by

(continued...)

an Administrative Law Judge ("ALJ").  Plaintiff appeared at a hearing before ALJ Carl E. Stephan on October 14, 2015.  On November 16, 2015, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  T. 16-40.  On July 26, 2016, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  T. 1.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following seven findings of fact and conclusions of law.  T. 21-36.  First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018.  T. 21.  Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 5, 2013, the alleged onset date.  *Id*.  Third, the ALJ found that Plaintiff's alleged impairments including asthma, chronic obstructive pulmonary disease ("COPD"), degenerative changes in the lumbar spine, deep venous thrombosis ("DVT"), emphysema, fibromyalgia, genetic prothrombin gene mutation with clots, hypertension, bipolar disorder, depression, panic disorder, and opiate addiction in remission are severe impairments.  *Id*.  Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  T. 21-24.  Specifically, the ALJ considered 1.04 (disorders of the spine), 12.04

---

[3](...continued)
Plaintiff in her initial brief, the denial of the Title XVI claim was listed as an issue at her hearing. T. 123.  The ALJ's decision also indicates this matter pertains to both Plaintiff's Title II and Title XVI claims.  T. 19.

(affective disorders), and 12.06 (anxiety-related disorders). *Id.* Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except

> claimant must avoid concentrated exposure to respiratory irritants; claimant can perform simple tasks; claimant can understand, remember, and carry out simple instructions; claimant can frequently interact with supervisors, coworkers, and the public; claimant can make decisions on simple work-related matters; and claimant can deal with changes to the work setting.

T. 24. Sixth, the ALJ found that Plaintiff is unable to perform any past relevant work. T. 34. Seventh, and last, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. T. 34-35. The ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefings on Their Cross-Motions

#### *1. Plaintiff's Motion for Judgment on the Pleadings*

Generally, Plaintiff makes four arguments in support of her motion for judgment on the pleadings. Dkt. No. 15, Plaintiff's Memorandum of Law ("Pl.'s Mem. of Law") at pp. 18-28. First, Plaintiff argues that the ALJ's RFC determination is erroneous because the ALJ failed to properly evaluate the opinion evidence of record including the opinions of examining physician David Griger, D.O., treating Physician Assistant ("PA") Sean Secord, consultative examiners Justine Magurno, M.D., and Mary Ann Moore, Psy.D., and non-examining State Agency consultant Dr. E. Kamin. *Id.* at pp. 1, 2, & 18-23. Plaintiff argues

that the ALJ erred in his RFC formulation because there is no support in the record for his determination of Plaintiff's physical limitations, that the ALJ cherry-picked evidence from the consultative examination reports, and that the ALJ failed to incorporate all of Plaintiff's non-exertional impairments. *Id*. at P. 19. Plaintiff argues that, if her limitations and testimony were properly credited, the ALJ's RFC would be precluded. *Id*.

Regarding the ALJ's consideration of the opinion evidence, Plaintiff argues that the ALJ erred in affording significant weight to the opinion of Dr. Griger. *Id*. at p. 20. Plaintiff argues the ALJ mistakenly identified Dr. Griger as her treating rheumatologist even though he saw her only once. *Id*. Plaintiff argues that the ALJ failed to properly consider PA Secord's assessment that Plaintiff would suffer workplace stress secondary to her depression. *Id*. at p. 21. Regarding the opinions from the consultative examiners, Plaintiff argues that, despite affording significant weight to the opinions of Drs. Magurno and Moore, the ALJ failed to incorporate opined limitations including marked limitations for squatting, lifting, and carrying and moderate-to-marked limitations in dealing with stress, making appropriate work decisions, and maintaining a regular schedule. *Id*. Plaintiff argues that a marked limitation (as opined by Dr. Magurno) is inconsistent with the finding that Plaintiff could lift and carry up to twenty pounds as required in light work. *Id*. Plaintiff argues that, in failing to incorporate this and other limitations opined by the consultative examiners, the ALJ erroneously selected only portions of the consultative examiners' reports. *Id*. at p. 22. Plaintiff also argues that the ALJ erred in assigning significant weight to the opinion of Dr.

Kamin. *Id*. Plaintiff argues that, contrary to the ALJ's rationale, Dr. Kamin had not reviewed the entire record because the opinion was rendered in October 2014 (before much of the medical evidence was submitted) and, therefore, the opinion should not be construed as substantial evidence to support the RFC determination. *Id*. Plaintiff also argues, that although the ALJ did not mention Single Decision Maker ("SDM") Deborah McGinty's RFC assessment in his decision, it is apparent that he relied upon her findings as there was no other support in the record for the RFC determination for light work. *Id*. at pp. 22-23.

Second, Plaintiff argues that the RFC determination is erroneous because the ALJ failed to properly develop the record. *Id*. at pp. 1, 2, & 20-21. Specifically, Plaintiff argues that the ALJ failed to request an evaluation of Plaintiff's physical limitations from PA Secord. *Id*. at pp. 20-21. Plaintiff also notes PA Secord offered an opinion (later submitted to the Appeals Council) which the ALJ did not consider and argues that the failure to develop the record cannot be harmless error where the hearing officer relied on perceived gaps in the medical evidence to find the claimant not disabled. *Id*. at p. 21.

Third, Plaintiff argues that the ALJ's RFC determination is erroneous because the ALJ failed to properly consider Plaintiff's credibility. *Id*. at pp. 1, 2, & 23-26. Specifically, Plaintiff argues that the ALJ failed to properly consider her symptoms, daily activities, and work history and that the ALJ failed to make specific findings as to the factors in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), including her treatment history and the consistency of her complaints. *Id*. at pp. 23-26. Plaintiff argues that her mental and physical impairments,

complaints, and limitations are supported by objective evidence and that her complaints should be found credible based on her good work record. *Id*. at pp. 24-25. Plaintiff argues that, because the ALJ failed to consider her symptoms properly, he failed to incorporate significant limitations into the RFC determination. *Id*. at p. 26.

Fourth, Plaintiff argues that the ALJ erred in applying the Medical-Vocational Guidelines. *Id*. at pp. 26-28. Specifically, Plaintiff argues that, in concluding that these Guidelines applied, the ALJ ignored mental limitations opined by PA Secord and consultative examiner Dr. Moore, despite purporting to afford significant weight to Dr. Moore's opinion. *Id*. at pp. 27-28. Plaintiff argues that the ALJ erred in concluding she could meet the mental demands of simple work without making specific findings concerning her stress on diminishing her ability to work. *Id*. at p. 28.

### 2. Defendant's Motion for Judgment on the Pleadings

Generally, Defendant makes four arguments in support of her motion for judgment on the pleadings. Dkt. No. 16, Defendant's Memorandum of Law ("Def.'s Mem. of Law") at pp. 7-24. First, Defendant argues that the ALJ's RFC determination is supported by substantial evidence, including the diagnostic and objective medical findings, the opinions of Drs. Magurno, Moore, Griger, and Kamin, and Plaintiff's activities of daily living. *Id*. at pp. 8-16. Specifically, Defendant argues that the ALJ thoroughly discussed the objective medical findings of record and Plaintiff's mental status evaluations and reasonably concluded that the medical evidence was not consistent with the severity of symptoms and degree of

limitations that would preclude Plaintiff from performing any work. *Id*. at p. 8. Defendant argues that the ALJ reasonably afforded significant weight to Dr. Kamin's opinion because this opinion (1) is consistent with the mental activities required by competitive, remunerative, unskilled work, (2) was rendered after a review of evidence from Delaware County Mental Health Clinic, PA Secord, Bassett Healthcare, and consultative examiner Dr. Moore, and (3) is consistent with the record as a whole. *Id*. at p. 11. Defendant argues that the opinion of a state agency medical consultant can constitute substantial evidence supporting an RFC finding when it is consistent with the evidence of record. *Id*. at pp. 11-12. Defendant also argues that, despite Plaintiff's contentions that Dr. Kamin's opinion is not substantial evidence in support of the RFC because it was rendered before much of the medical evidence was submitted, Plaintiff fails to point to any evidence dated after Dr. Kamin's September 2014 opinion that is contradictory. *Id*. at p. 13. Defendant argues that the evidence post-dating Dr. Kamin's opinion is entirely consistent with that opinion and the ALJ's ultimate finding that Plaintiff was able to perform the basic mental requirements of unskilled work. *Id*. at pp. 13-14.

Defendant also argues that the ALJ explicitly referred to PA Secord's comment that Plaintiff may be more susceptible to work place stress and was not required to adopt this statement because it was speculative in nature. *Id*. at p. 14. Defendant argues that the RFC is not inconsistent with this statement because it limits Plaintiff to the performance of unskilled, simple tasks and simple work-related decisions. *Id*. Defendant argues that the

ALJ considered the remainder of PA Secord's statement opining that Plaintiff had no limitations in her ability to respond appropriately to usual work situations and to changes in a work setting, or in interacting appropriately with others, which is entirely consistent with the ability to perform the mental aspects of unskilled work. *Id*.

Defendant also argues that it is not the Commissioner's burden to prove the RFC, but rather Plaintiff's burden to produce evidence supporting her claims of disability. *Id*. Defendant argues that the evidence of record, including the objective medical findings and opinions, supports the ALJ's RFC for light work. *Id*. at p. 15. Defendant argues that the ALJ relied on PA Secord's mostly unremarkable physical examination findings and treatment notes reflecting generally unremarkable physical findings. *Id*. Defendant also argues that the opinions from Dr. Griger and Dr. Magurno support the RFC for light work. *Id*. at pp. 15-16.

Second, Defendant argues that remand is not warranted as a result of Plaintiff's argument that the ALJ failed to properly develop the record related to PA Secord. *Id*. at pp. 16-18. Specifically, Defendant argues that the lack of an opinion from PA Secord about Plaintiff's physical limitations does not warrant remand because the record is replete with unremarkable objective medical findings from PA Secord and Drs. Griger and Magurno as well as medical source opinions, and because the record contained sufficient evidence upon which the ALJ could determine the RFC. *Id*. at pp. 16-17. Defendant notes that PA Secord's November 2015 statement of Plaintiff's physical abilities was submitted to the Appeals

Council and that the Appeals Council correctly found that this statement was not contrary to the weight of the record. *Id.* at p. 17. Defendant also argues that this statement is nonetheless consistent with the RFC for light work because it indicates that she was able to occasionally lift up to 25 pounds. *Id.* at pp. 17-18. Defendant also argues that while PA Secord opined that Plaintiff was unable to repetitively bend, squat, push, pull, lift, or carry, she was not wholly precluded from performing these activities and that an inability to repetitively perform these actions is not inconsistent with the ability to perform light work. *Id.* at p. 18.

Regarding Dr. Magurno's consultative opinion, Defendant argues that Plaintiff has not shown that a marked limitation in squatting, lifting, or carrying is inconsistent with light work, citing to case law indicating that such limitations are not inconsistent with the ability to perform light work. *Id.* at pp. 18-19.

Third, Defendant argues that the ALJ correctly found that Plaintiff's subjective complaints of pain were not credible after careful consideration of the entire record. *Id.* at pp. 20-23. Specifically, Defendant argues that subjective symptomatology cannot, by itself, be the basis for a finding of disability and that, when making the RFC finding, the ALJ considered Plaintiff's testimony and subjective complaints, but concluded that the objective medical evidence did not substantiate her claims to the disabling extent alleged. *Id.* at p. 20. Defendant argues that the ALJ thoroughly reviewed the record and Plaintiff's subjective complaints and fully evaluated her symptoms under 20 C.F.R. §§ 404.1529 and 416.929,

reasonably finding that her claims of disability are not supported by the objective medical evidence or by her admitted activities of daily living. *Id*. at pp. 21-22. Defendant also argues that the ALJ referenced Plaintiff's past work in his decision (just one of many factors the ALJ considers when weighing credibility) and found that she was unable to return to her past work. *Id*. at pp. 22-23.

Fourth, Defendant argues that the ALJ's Step Five determination is supported by substantial evidence. *Id*. at pp. 23-24. Specifically, Defendant argues that the ALJ found that Plaintiff's non-exertional limitations had little or no effect on the occupational base of unskilled light work, and that a finding of not disabled was appropriate under the framework of Medical-Vocational Rule 202.21. *Id*. at p. 23. Defendant argues that PA Secord's statement regarding work place stress is speculative in nature and does not preclude the performance of simple, unskilled work. *Id*. at p. 24. Defendant cites to Dr. Kamin's opinion indicating, at most, moderate limitations in Plaintiff's ability to perform the mental aspects of work and argues that moderate limitations in these areas do not preclude the performance of unskilled work. *Id*. Defendant notes that SSR 85-15 indicates that a limitation to unskilled work ordinarily involves dealing with objects rather than with people. *Id*. Defendant argues that vocational expert testimony was not necessary and that the ALJ correctly relied on the Guidelines to find that Plaintiff was not disabled. *Id*.

### 3. Plaintiff's Reply Memorandum of Law

In reply, Plaintiff makes three arguments. Dkt. No. 19, Plaintiff's Reply

Memorandum of Law at pp. 1-5.  First, Plaintiff argues that the ALJ's RFC is unsupported by substantial evidence.  *Id*. at pp. 1-4.  Regarding the mental portion of the RFC and Defendant's argument that Plaintiff's treatment was conservative, Plaintiff argues that failure to seek a specialist is not conclusive proof that symptoms of an impairment do not rise to the level of rendering an individual disabled and that Defendant "glossed over" evidence showing that much of Plaintiff's medication created only temporary improvements or had to be discontinued due to serious side effects.  *Id*. at pp. 1-2.  Plaintiff argues that, contrary to Defendant's characterization, PA Secord's records exhibit remarkable mental status including observations that depression was a reoccurring problem, Plaintiff was teary-eyed, shaky, and anxious, and depression was her baseline.  *Id*. at p. 2.  Plaintiff also argues that the ALJ must have a sound reason for affording different weight to portions of an opinion, which the ALJ failed to do here with Dr. Moore's opinion.  *Id*.  Plaintiff argues that the ALJ impermissibly cherry-picked evidence because he ignored relevant limitations from Dr. Moore when forming the RFC with no explanation.  *Id*. at pp. 2-3.

Regarding the physical portion of the RFC, Plaintiff argues that Defendant's attempt to discredit the June 2014 MRI of the lumbar spine by focusing on a July 2014 EMG that showed no radiculopathy, plexopathy, or neuropathy in the right leg is irrelevant because Plaintiff's impairments involve her spine and DVT of her left leg, not her right leg.  *Id*. at p. 3.  Plaintiff also notes that Defendant does not deny that the MRI of the lumbar spine shows disc herniation, radiculopathy, and chronic degenerative changes.  *Id*.  Plaintiff addresses

*-12-*

Defendant's argument that marked limitations in lifting, carrying, and squatting may be consistent with light work by pointing out that the cases cited by Defendant include additional postural limitations where the RFC here included no postural limitations. *Id*. at pp. 3-4. Plaintiff also notes that Dr. Magurno never opined that Plaintiff could perform light work. *Id*. at p. 4.

Second, Plaintiff argues that the ALJ's credibility assessment was flawed because the ALJ failed to state with particularity why Plaintiff's subjective complaints of pain were not credible. *Id*. at pp. 4-5. Specifically, Plaintiff argues that the ALJ simply stated he considered the factors set forth in 20 C.F.R. §§ 404.1529 and 416.929 and that the ALJ did not consider her work history or any of the other credibility factors. *Id*.

Third, Plaintiff argues that the ALJ's Step Five determination is unsupported by substantial evidence. *Id*. at p. 5. Specifically, Plaintiff argues that PA Secord's opinions regarding Plaintiff's workplace stress were substantiated by Dr. Moore's medical source statement and that the finding that Plaintiff's non-exertional limitations were not significant is improperly predicated on the opinion of a non-examining consultant. *Id*.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be

reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's

determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the

claimant bears the burden of the proof as to the first four
steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d

146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made,

the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

### A. Whether the ALJ Properly Weighed the Opinion Evidence

Residual functional capacity is defined as "'what an individual can still do despite his

or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do

sustained work activities in an ordinary work setting on a regular and continuing basis.'"

*Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198

F.3d 45, 52 (2d Cir. 1999)).  "In making a residual functional capacity determination, the

ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including

pain and other limitations which could interfere with work activities on a regular and

continuing basis."  *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)).

"Ultimately, '[a]ny impairment-related limitations created by an individual's response to

demands of work . . . must be reflected in the RFC assessment.'"  *Hendrickson v. Astrue*,

2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857,

at *8).

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both

examining and non-examining State agency medical consultants because these consultants

are qualified experts in the field of social security disability. 20 C.F.R. § 404.1513a; *see also Frey ex rel. A.O. v. Astrue*, 485 F. App'x 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

There is no legal requirement that the ALJ rely on a medical opinion in every case to formulate the RFC. Rather, the ALJ has the responsibility of reviewing all the evidence, resolving inconsistencies, and making a determination consistent with the evidence as a whole. *See Bliss v. Colvin*, 2015 WL 457643, at *7 (N.D.N.Y. Feb. 3, 2015) ("It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such."); *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014) (same).

Here, the ALJ indicated that he based the RFC for a modified range of light work on Plaintiff's testimony, the medical evidence summarized in his decision, and the opinions of Drs. Magurno, Moore, Kamin, and Griger, and PA Secord. T. 34.

-17-

*1. Opinions Relating to Plaintiff's Physical Limitations*

On September 17, 2015, Dr. Griger, a rheumatologist, submitted a statement indicating that he did not perform functional assessments and that he did not believe Plaintiff's widespread pain (which he felt was likely due to fibromyalgia based on a single exam) was cause for physical disability.  T. 707-16.  Dr. Griger evaluated Plaintiff on February 4, 2015 and observed diffuse tenderness to palpation in a characteristic fibromyalgic distribution and increased pain with range of motion of the neck and lumbar spine. T. 632-38. At that time, Dr. Griger indicated that, while Plaintiff had degenerative arthritis of her spine, he suspected the best explanation for the majority of symptoms was fibromyalgia.  T. 637.  He indicated treatment recommendations including achieving and maintaining adequate sleep, addressing any underlying depression, anxiety, or stress, and regular low impact exercise. T. 637-38. The ALJ afforded significant weight to this opinion because Dr. Griger was Plaintiff's treating rheumatologist and his conclusion that Plaintiff was not physically disabled was consistent with the record as a whole.  T. 34.

Plaintiff argues that this was error because the ALJ mistakenly identified Dr. Griger as Plaintiff's treating rheumatologist and his opinion on whether she was disabled should have been rejected because it is an opinion on a medical issue reserved to the Commissioner pursuant to SSR 96-5p and POMS DI 24515.009.  20 C.F.R. §§ 404.1527(d), 416.927(d). The Court finds this argument unpersuasive.  To be sure, the ALJ mischaracterized the treatment relationship (or lack thereof) between Dr. Griger and Plaintiff.  T. 34.  However,

the Court finds this error harmless because the ALJ did not afford this opinion controlling weight and the ALJ found it was consistent with the record, which included Dr. Griger's own findings and Dr. Magurno's opinion. *Sontz v. Colvin*, 2016 WL 4444876, at \*5 (N.D.N.Y. Aug. 23, 2016).

Plaintiff argues that the ALJ failed to incorporate Dr. Magurno's opined marked limitations for squatting, lifting, and carrying.  The Court finds this argument unpersuasive. Dr. Magurno conducted a consultative internal medicine examination on August 27, 2014, and observed a normal gait and stance, reduced squat to 1/3 of full range of motion, less than full range of motion in the lumbar spine and bilateral shoulders, absent sensory response in the left lateral calf, and trace edema in the left ankle.  T. 418-27.  She noted Plaintiff could walk on her heels and toes without difficulty, needed no help changing or getting on or off the exam table, and had no difficulty rising from a chair.  T. 421.  Accompanying x-rays of the pelvis/bilateral hips showed no significant abnormality.  T. 425-26.  Dr. Magurno indicated that Plaintiff wore a full-length compression stocking on the left leg and opined that it was medically necessary.  T. 421.  Dr. Magurno opined that Plaintiff had marked limitations for squatting, lifting, and carrying and mild limitations for walking, standing, sitting, and bending.  T. 423.  She also opined that Plaintiff should avoid dust, fumes, and other known lung irritants.  *Id*.  The ALJ summarized this opinion and afforded it significant weight because Dr. Magurno's clinical observations supported her findings, which were consistent with the medical evidence.  T. 33.

Given this record Plaintiff has failed to illustrate how marked limitations in these areas are inconsistent with light work.  See *Figgins v. Berryhill*, 2017 WL 1184341, *8 (W.D.N.Y. Mar. 29, 2017); *Velez v. Colvin*, 2016 WL 3461155, *7, 12 (S.D.N.Y. April 19, 2016); *Bishop v. Colvin*, 2015 WL 792050, *7 (N.D.N.Y. Feb. 25, 2015).  Without further evidence, Dr. Magurno's opined limitations are not inconsistent with the ALJ's RFC and there is nothing in the record to suggest that a range of light work does not adequately accounts for those limitations.  Further, "[t]here is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner."  *Kitka v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) (citing *Pellam v. Astrue*, 508 F. App'x 87, 89 (2d Cir. 2013)); *see also Dirisio v. Comm'r of Soc. Sec.*, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) ("In formulating the RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta*, 508 F. App'x at 56)); *Wilburn v. Colvin*, 2016 WL 1237789, at *4 (N.D.N.Y. Feb. 29, 2016) (finding that the ALJ was not obligated to incorporate all of a physician's limitations into the RFC where he afforded the opinion "significant but not great weight.").

Plaintiff also argues that it is apparent that the ALJ improperly relied upon the findings of SDM McGinty because there was no other support in the record for his determination that Plaintiff had the ability to perform light work.  However, Plaintiff concedes that the ALJ's decision does not specifically rely on the SDM's findings in assessing RFC.  Pl.'s Mem. of Law, pp. 22-23.  Given this and the record evidence viewed

in its entirety, Plaintiff has failed to illustrate how the opinions of record (which the ALJ properly considered and weighed) are inconsistent with the ALJ's RFC for light work.

### 2. Opinions Relating to Plaintiff's Mental Limitations

Plaintiff argues that the ALJ failed to incorporate Dr. Moore's moderate-to-marked limitations in dealing with stress, making appropriate work decisions, and maintaining a regular schedule. Pl.'s Mem. of Law at p. 21. The Court also finds this argument unpersuasive. Dr. Moore conducted a consultative psychiatric examination on September 23, 2014, and observed that Plaintiff was generally cooperative with adequate manner of relating and social skills, fair hygiene, slouched posture, restless motor behavior, poor eye contact, a coherent and goal directed thought process, anxious affect, nervous mood, intact attention and concentration, intact memory, average cognitive functioning, fair insight, and fair to poor judgment with severe depression. T. 443-44. Dr. Moore opined that Plaintiff showed no limitations in following simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, learning new tasks, or performing complex tasks independently. T. 444-45. She opined moderate-to-marked limitations in appropriately dealing with stress, making appropriate work decisions, and maintaining a regular schedule as well as moderate limitations in relating adequately with others. *Id*.

The ALJ afforded significant weight to this opinion because he found that Dr. Moore's clinical observations were consistent with the medical evidence. T. 33. Although

Plaintiff argues that these non-exertional limitations would have affected Plaintiff's ability to perform the basic mental demands of unskilled work, she fails to illustrate how the mental limitations included in the ALJ's RFC (simple tasks, simple instructions, frequent interaction with supervisors, coworkers, and the public, and decisions on simple work-related matters) do not adequately account for Dr. Moore's opined limitations.

Plaintiff also argues that the ALJ erred in affording significant weight to Dr. Kamin's opinion. Pl.'s Mem. of Law at p. 22. At the initial determination level in September 2014, consultant Dr. Kamin indicated that Plaintiff had mild restriction of activities of daily living, moderate difficulties in maintaining social functioning and concentration, persistence, and pace, and one or two repeated episodes of decompensation. T. 76-77, 80-81. Regarding her inability to perform past relevant work, he opined that she had moderate limitations that precluded working as a manager and with others. T. 82. The ALJ noted that although Dr. Kamin based his findings purely on a review of Plaintiff's file, his opinion was entitled to significant weight because it was consistent with the record as a whole. T. 33-34.

Plaintiff argues that this was error because the consultant had not reviewed the entire record and therefore his opinion should not be construed as substantial evidence to support the ALJ's RFC. Pl.'s Mem. of Law at p. 22. The Court finds this argument unpersuasive. The ALJ afforded significant, but not controlling, weight to Dr. Kamin's opinion. T. 33-34. He explicitly acknowledged that the opinion was based purely on a review of Plaintiff's file and also afforded significant weight to both Dr. Moore's opinion and that of Plaintiff's

treating provider PA Secord indicating that Plaintiff is not limited in her ability to understand, remember, or carry out simple or complex instructions, make decisions on simple or complex-related matters, interact appropriately with supervisors, coworkers, and the public, and respond appropriately to usual work situations and changes in the work setting. T. 34, 669-71. The ALJ noted that although PA Secord is not an acceptable source, he afforded significant weight to this opinion because PA Secord had been treating Plaintiff on a regular basis since 2010 and because his findings were generally consistent with the medical evidence. T. 34. There was no error in this regard as it is entirely appropriate to afford weight to a PA's opinion "when there is a treatment relationship between the PA and the claimant." *Hance v. Colvin*, 2017 WL 1034721, at *6 (N.D.N.Y. Mar. 15, 2017). The ALJ "had the discretion to determine the appropriate weight to accord his opinion based on all the record evidence." *McQuade v. Colvin*, 2015 WL 7283185, *8 (N.D.N.Y. Nov. 16, 2015). Here, the ALJ's view of Secord's evidence was appropriate given the existing treating relationship and the totality of the record evidence.

Plaintiff also argues that the ALJ failed to properly consider PA Secord's assessment that Plaintiff would suffer from workplace stress secondary to her depression. Pl.'s Mem. of Law at p. 21. The Court finds this argument unpersuasive. PA Secord indicated that Plaintiff *may be* more susceptible to work place stress secondary to depression. T. 670. As with Dr. Kamin's opinion, the ALJ afforded this opinion significant, but not controlling, weight. Further, although Plaintiff accuses the ALJ of impermissibly cherry-picking the

opinion evidence, Plaintiff's own arguments would have the ALJ ignore the portions of PA Secord's opinion indicating no limitations in various areas. Pl.'s Mem. of Law at pp. 21-22. Plaintiff also fails to illustrate how the mental limitations included in the ALJ's RFC (including limitation to simple tasks and instructions, decisions on simple work-related matters, and frequent interaction with others) do not account for the possibility that she may be more susceptible to workplace stress.

For the above reasons, substantial evidence supports the ALJ's consideration of the opinion evidence and the resulting RFC determination.

## B. Whether the ALJ Failed to Develop the Record

Although the claimant has the general burden of proving that he or she has a disability within the meaning of the Social Security Act, "the ALJ generally has an affirmative obligation to develop the administrative record" due to the non-adversarial nature of a hearing on disability benefits. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)(quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999); *see also Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002); *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). "It is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009)).

An "ALJ must make every reasonable effort to help [the claimant] obtain medical

reports from the claimant's medical sources so long as permission is granted to request such reports." *Hart v. Comm'r*, 2010 WL 2817479, at *5 (N.D.N.Y. July 16, 2010) (quoting 20 C.F.R. § 404.1512(d) (internal quotation marks omitted)). "An ALJ is not required to seek additional information absent 'obvious gaps' in the administrative record that preclude an informed decision." *Zurek v. Colvin*, 2016 WL 4466791, at *7 (N.D.N.Y. Aug. 24, 2016) (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999); citing *Hart v. Comm'r*, 2010 WL 2817479, at *5). "[A]dditional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques." *Zurek v. Colvin*, 2016 WL 4466791, at *7 (citing 20 C.F.R. §§ 404.1520b(c)(1)-(4), 416.920b(c)(1)-(4), *Rosa v. Callahan*, 168 F.3d at 80, *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)).

Plaintiff argues that the ALJ failed to develop the record by declining to request an evaluation of Plaintiff's physical limitations from PA Secord.[4] Pl.'s Mem. of Law at pp. 20-21. The Court finds this argument unpersuasive. There is no obligation to re-contact a treating physician where the evidence of record is "adequate to permit the ALJ to make a disability determination." *Carvey v. Astrue*, 380 F. App'x 50, 53 (2d Cir. 2010) (citing *Perez*

---

[4] The Court notes that although Plaintiff refers to the post-decision evidence submitted to the Appeals Council including a November 10, 2015, treatment visit and statement from PA Secord indicating physical limitations, she does not argue that the Appeals Council failed to properly consider this evidence, but rather that the ALJ did not consider this evidence and that he failed to develop the record. Pl.'s Mem. of Law at pp. 20-21.

*v. Chater*, 77 F.3d 41, 47-48 (2d Cir. 1996)); *see also* 20 C.F.R. §§ 404.1520b, 416.920b (indicating that the Commissioner may re-contact a treating physician "[i]f the evidence is consistent, but we have insufficient evidence to determine whether you are disabled, or if after weighing the evidence we determine we cannot reach a conclusion about whether you are disabled").  An ALJ "is not required to obtain every conceivable piece of information; the Commissioner's conclusion will be sustained if the record contains sufficient evidence to sustain that conclusion under the applicable standard."  *Knight v. Astrue*, 32 F. Supp. 3d 210, 222 (N.D.N.Y. 2012) (citing *Rosa v. Callahan*, 168 F.3d at 79 n. 5).  Here, the ALJ had sufficient evidence to determine the issue of disability in this case, including the opinions of Drs. Magurno and Kamin and did not fail to develop the record.

## C.  Whether the ALJ Properly Evaluated Plaintiff's Credibility

In determining whether a claimant is disabled, the ALJ must also make a determination as to the credibility of the claimant's allegations.  "An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence."  *Schlichting v. Astrue*, 11 F. Supp. 3d 190, 205 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)).  The Second Circuit recognizes that "[i]t is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of

witnesses, including the claimant," and that, "[i]f there is substantial evidence in the record to support the Commissioner's findings, 'the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain.'" *Schlichting* v. *Astrue*, 11 F. Supp. 3d at 206 (quoting *Carroll v. Sec'y of Health and Human Servs*., 705 F.2d 638, 642 (2d Cir. 1983); *Aponte v. Sec'y, Dep't of Health and Human Servs*., 728 F.2d 588, 591 (2d Cir. 1984)).  Due to the fact that the ALJ has the benefit of directly observing a claimant's demeanor and "other indicia of credibility," the ALJ's credibility assessment is generally entitled to deference.  *Weather v. Astrue*, 32 F. Supp. 3d 363, 381 (N.D.N.Y. 2012) (citing *Tejada v. Apfel*, 167 F.3d 770, 776 (2d Cir. 1999)).

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not fully credible to the extent that they are inconsistent with the RFC and noted he considered the factors set forth in 20 C.F.R. §§ 404.1529 and 416.929.  T. 26.  The ALJ subsequently noted that the medical evidence is not consistent with a degree of limitations that would preclude Plaintiff from performing any work, and that the evidence of record (including clinical findings, diagnostic tests, and Plaintiff's treatment) provide a reasonable basis to conclude that she is capable of performing a range of light work.  T. 26.  Plaintiff argues that the ALJ failed to properly consider her credibility because he simply stated that he considered the factors set forth in 20 C.F.R. §§ 404.1529 and 416.929 and did not make specific findings as to those factors.  However, the ALJ's finding (that Plaintiff's statements were not fully credible based upon his consideration of the

factors) was made only after a lengthy summary of the objective medical evidence.  T. 26-33.

Regarding Plaintiff's physical impairments and limitations, the ALJ summarized the treatment records (including visits with primary care provider PA Secord) between May 2013 and May 2015.  T. 26-33.  Regarding Plaintiff's mental impairments and limitations, the ALJ also specifically noted that medical records show that Plaintiff primarily received treatment from PA Secord and that she received relatively little treatment from specialists in the last several years aside from several months of mental health and substance abuse treatment.  T. 26.  Again, the ALJ summarized PA Secord's largely normal examination findings from visits between May 2013 and May 2015, which frequently indicated that Plaintiff's medications were working well and that she was not interested in specialized mental health treatment despite PA Secord's encouragement to seek treatment with a mental health specialist.  T. 26-33.  Indeed, although PA Secord noted in January 2014 that Plaintiff began receiving mental health counseling, substance abuse counseling, and Suboxone therapy, she was later discharged in April 2014 because she stopped scheduling appointments and did not respond to outreach efforts.  T. 27-28.  The ALJ twice noted Plaintiff's report to consultative examiner Dr. Moore that she did not like going to Delaware County Mental Health and felt it was a waste of time.  T. 28 & 31.  The ALJ also noted Plaintiff's report at her June 2014 discharge from Delaware County Alcohol & Drug Abuse Services that her depression had lifted and she was energized to look for work.  T. 29.  He noted a September 2014 statement from Joseph T. Muehl, LCSW, at Delaware County Mental Health that Plaintiff displayed

minimal symptoms upon completion of an outpatient substance abuse treatment program in May 2014 and that she had no problems with attention or concentration or performing activities of daily living.  T. 31.

In his decision, the ALJ also addressed the nature of how Plaintiff stopped working as it related to her credibility.  In his summary of the evidence, the ALJ noted that Plaintiff testified that she was let go from her job as a retail manager in mid-2013 because she was having trouble managing her store due to a blood clot in her leg and problems with her back, which was notably different from the account that she gave Dr. Moore at the September 2014 consultative examination indicating she was demoted to an assistant manager and then fired after she screamed and called her superior names because she was angry.  T. 26.

Although the ALJ did not explicitly go through the factors set out in 20 C.F.R. §§ 404.1529 and 416.929, the Court finds this error harmless because the decision includes a clear consideration of the evidence in relation to those factors even if the factors were not individually listed.  *Fanton v. Astrue*, 2011 WL 282383, at *5 (W.D.N.Y. Jan. 25, 2011) (citing *Forte v. Barnhart*, 377 F.3d 892, 895–896 (8th Cir. 2004)).

Plaintiff also argues that her back and leg pain are supported by objective evidence of disc herniation, radiculopathy, and DVT.  Pl.'s Mem. of Law at p. 24.  However, as discussed above, the ALJ properly considered Plaintiff's complaints related to these impairments and the opinion evidence of record.  The ALJ afforded significant weight to the opinion of Dr. Marguno who diagnosed low back pain with radicular symptoms and status

post DVT in the left lower extremity times two.  T. 423.  In conjunction with these diagnoses,

Dr. Magurno's medical source statement included limitations the ALJ properly considered.

T. 24-34, 423.   Further, as part of Dr. Magurno's consultative examination, she noted

Plaintiff's activities of daily living included cooking quick meals three to five times a week,

cleaning three times a week (with her son sweeping and mopping), doing laundry three times

a week (with her son carrying the laundry up and down the stairs), shopping twice a month

(with pain if she stood for too long), showering and dressing once a week, watching

television, listening to the radio, reading, and going out to the store.  T. 420-21.  Although

these reports indicate some limitation in her daily activities, Plaintiff's argument that the

ALJ's credibility determination is improper fails.  The ALJ's credibility finding was based

on a proper application of the required analysis and is supported by substantial evidence.

### D. Whether the ALJ's Step Five Determination is Supported by Substantial Evidence

Although the claimant has the general burden to prove he has a disability under the

definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "'to

show there is other work that [the claimant] can perform.'"  *McIntyre v. Colvin,* 758 F.3d at

150 (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 (2d Cir. 2012)).  "An ALJ may

rely on a vocational expert's testimony regarding a hypothetical [question] as long as 'there

is substantial record evidence to support the assumption[s] upon which the vocational expert

based his opinion' . . . [the hypothetical question] accurately reflect[s] the limitations and

capabilities of the claimant involved."  *Id*. at 151 (quoting *Dumas v. Schweiker*, 712 F.2d

1545, 1553-54 (2d Cir. 1983); citing *Aubeuf v. Schweiker*, 649 F.2d 107, 114 (2d Cir. 1981)). If a hypothetical question does not include all of a claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Pardee v. Astrue*, 631 F. Supp. 2d at 211 (citing *Melligan v. Chater*, 94-CV-0944, 1996 WL 1015417, at *8 (W.D.N.Y. Nov. 14, 1996)).

"If a claimant has non-exertional limitations that 'significantly limit the range of work permitted by his exertional limitations,' the ALJ is required to consult with a vocational expert*." Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986)). "However, the 'mere existence of a non-exertional impairment does not automatically . . . preclude reliance on the [Medical-Vocational] guidelines.'" *Zabala v. Astrue*, 595 F.3d at 410-11 (quoting *Bapp v. Bowen*, 802 F.2d at 603). "A non-exertional impairment 'significantly limits a claimant's range of work when it causes an additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity.'" *Id*. (quoting *Bapp v. Bowen*, 802 F.2d at 605-06).

Here, the ALJ concluded that a finding of "not disabled" was appropriate under the framework of Medical-Vocational Rule 202.21. T. 35. The ALJ found that additional limitations had little or no effect on the occupational base of unskilled light work and that Plaintiff is able to meet all of the basic demands of competitive, remunerative, unskilled

work on a continuing and sustained basis because she can understand, remember, and carry out simple instructions, make judgments on simple work-related matters, interact appropriately with supervisors, coworkers, and the public on a frequent basis, and adapt to changes in the work setting.  T. 35.

Plaintiff argues that the ALJ ignored mental limitations opined by PA Secord and Dr. Moore.  Pl.'s Mem. of Law at pp. 26-27.  However, as indicated above, the ALJ properly considered the opinion evidence and opined limitations therein when formulating the RFC. His RFC analysis and Step Five analysis provide sufficient explanation for his finding that Plaintiff can perform other work existing in significant numbers and that she is not disabled pursuant to Medical-Vocational Rule 202.21.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**, and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision

and Order upon the parties to this action.

Dated: March 5, 2018
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge